OPINION OF THE COURT
Jones, J.
An order denying an application for permission to make a late motion to suppress, as distinguished from an order denying a motion to suppress on the merits, does not come within the scope of CPL 710.70 (subd 2), and accordingly the right to appellate review thereof is forfeited by a guilty plea. Likewise such a plea, entered on advice of competent counsel, constitutes a forfeiture of a claim of prior ineffective assistance of counsel on the part of a former attorney where the full measure of the asserted derelictions of the first attorney were known to the second attorney who nonetheless counseled acceptance of the plea.
Johnny Marmo was shot and killed on December 14, 1977. Defendant and his son were indicted on charges of manslaughter in the first degree. They were convicted in April, 1979 after a trial in which one attorney represented both of them.
In consequence of an allegedly improper search conducted by the police after the Marmo incident, defendant had alsó been charged individually in a separate 45-count indictment with one count of alleged unlawful disposition of a machine gun, one count of alleged possession of marihuana, and 43 counts of possession of various weapons. This indictment, returned February 16, 1978, led to the conviction which is the subject of the present appeal.
*533 At defendant’s arraignment on the 45-count indictment on March 8, 1978, pursuant to CPL 710.30 the People served notice of their intention to offer in evidence on trial oral statements made by defendant to a police officer on December 14, 1977. Defendant’s then counsel, who was also representing him on the manslaughter charge, took no action with respect to that notice, and the 45-count indictment lay dormant until after defendant had been convicted on the manslaughter charge. Defendant’s present counsel, brought in to represent him on the appeal from his conviction for manslaughter (which conviction was reversed at the Appellate Division on the ground that defendant had been deprived of his constitutional right to assistance of counsel by reason of the joint representation of both defendant and his son by the same attorney [People v Richard MM., 75 AD2d 389]), first learned of the present charges in September, 1979. At his request County Court put the case over to permit the substitute counsel to familiarize himself with the case. Communications with defendant’s prior attorney having been unproductive, finally on December 14, 1979 counsel obtained a copy of the 45-count indictment from the District Attorney and was then informed that no motions, had been made and accordingly no suppression hearing held.
The normal statutory period of 45 day's within which to make a motion to suppress[1] having long since expired, on January 7, 1980 counsel made an application, pursuant to CPL 710.40 (subd 2), for permission to file a late suppression motion and for other relief. On January 25, 1980 Judge Fromer of Greene County Court granted permission to file the late motion to suppress. The District Attorney then sought reargument before Judge Battisti of the same court, and on February 8,1980, based in part on representations by the District Attorney that Judge Fromer had disqualified himself from hearing the case, Judge Battisti granted reargument and on réargument denied the application for permission to file the late motion to suppress. One week later defendant entered a plea of guilty to the first count in full satisfaction of the 45-count indictment.
*534 On appeal from his resulting conviction the Appellate Division affirmed, rejecting defendant’s contentions that, as a Judge of co-ordinate jurisdiction, Judge Battisti had no authority to grant reargument, that in any event it was error to have denied defendant’s application to file a late motion to suppress, and that defendant was denied effective assistance of counsel by his first attorney, all on the merits. We affirm but on a different rationale.
We conclude that by his plea of guilty defendant forfeited his right to appellate review of the contentions he now presses on us. The right to appellate review of the denial of a motion to suppress is preservéd notwithstanding a guilty pléa only in consequence of express statutory provision (CPL 710.70, subd 2). Defendant’s application for permission to file a late motion to suppress, however, is to be distinguished from a motion to suppress. The granting of that application depended on a factual determination that, “owing to unawareness of facts constituting the basis thereof or to other factors, the defendant did not have reasonable opportunity to make the motion previously” (CPL 710.40, subd 2); it did not involve consideration or denial of the merits of the constitutional contentions which defendant might later have asserted on a motion to suppress had permission been granted him to make such a motion. Accordingly, his right to appeal from the denial of his application did not survive his plea of guilty under the provisions of CPL 710.70 (subd 2).[2]
Nor does defendant’s assertion in this case that he was denied effective assistance of counsel survive his plea. There is no suggestion that, aside from the asserted default of the first attorney in failing to make a suppression motion, the acceptance of the plea was infected by any *535 ineffective assistance of counsel. Defendant’s replacement counsel, confronted with the fact that his application for permission to make a late motion to suppress had been denied, was fully aware of all the asserted derelictions of the first attorney and, by reason of his own unquestioned competence and experience as attorney for th^ defense, was fully qualified to make a seasoned assessment of defendant’s claims in the circumstances and of the likelihood of their judicial acceptance. In this instance it cannot be said that any ineffective assistance of counsel vitiated defendant’s plea of guilty premised as it was on advice of counsel (as to which there is now no suggestion of incompetency) comprehending, inter alia, the very claims of ineffective assistance of counsel that defendant now urges on us.[3]
For the reasons stated, the order of the Appellate Division should be affirmed.

. (CPL 710.40, subd 1; 255.20, subd 1.),

. CPL 710.70 (subd 2) provides: “An order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty.”
Even if we were to accept the dissenter’s characterization of Judge Battisti’s order of February 8,1980 as “an unauthorized order taking away from defendant the suppression hearing already granted” (dissent, p 537), that would not change the consequence to be attached to his guilty plea. However characterized, and whether or not authorized, the order did mot constitute a disposition on the merits of the motion to suppress and accordingly did not come within the preservative shelter of subdivision 2.

. Indeed it may be persuasively argued that even if there were but one attorney, if the ineffective assistance of counsel did not infect the plea bargaining process itself, the defendant, having admitted commission of the criminal act by his guilty plea, should be held to have forfeited any claim of ineffective assistance of counsel not directly involved in the plea bargaining process.