*3 OPINION OF THE COURT
Kaye, J.
By pleading guilty, a defendant forfeits his right to seek reversal of his conviction on the ground that identification testimony or evidence of prior statements is inadmissible because the prosecution failed to provide the required notice of intention to offer such evidence at trial.
On May 24, 1982, a man and a woman entered an Anderson-Little store in the Town of Big Flats and purchased a suit with a check drawn on the account of Diane Gardner. The same day, they went to a Chess King store and bought a leather coat with a check drawn on the same account. Both checks were forgeries.
According to the officer assigned to investigate the crimes, suspicion centered on defendant and he was arrested on a parole violation on June 16, 1982. The officer took defendant to the Corning police station, where questioning resulted in a two-page statement transcribed by the officer but signed by defendant. Defendant said a woman known to him as “Al” approached him and displayed some blank checks, informing him that she could “deal the checks.” He said he went with the woman to Anderson-Little and Chess King, and obtained a suit and a leather jacket paid for by Al with the blank checks. He admitted knowing that the checks did not belong to Al. Later in the day, however, at the Horseheads State Police barracks, defendant admitted that he, rather than Al, had obtained the checks.
The Grand Jury indicted defendant on two counts of second degree forgery on June 17, 1982. Also on that date, the People served defendant with notice that “during the trial of this matter, the People intend to offer evidence of a statement made by the defendant to a public servant.” The prosecutor provided defendant with a copy of the written statement, but made no mention of the oral admission at the Horseheads barracks.
On June 30, 1982, an Anderson-Little employee identified defendant’s picture from an array of six photographs, and on July 26, 1982 a Chess King employee identified defendant’s photo from the same array. The People did not provide defendant with notice of intent to introduce identification testimony of these two witnesses.
Defendant moved to suppress his written statement and a Huntley hearing was held November 29,1982. When the officer testified as to defendant’s oral statement, defense counsel objected, stating that he had received no notice of intent to introduce the oral statement. The prosecutor responded that the *4 defense was aware the People intended to introduce statements. He claimed that defendant was not prejudiced and could, if he desired, request an adjournment. No such request was made.
The prosecution announced in the course of the Huntley hearing that “Wade issues” would be involved. Defense counsel protested because he had received no notice under CPL 710.30.* He suggested that the court proceed with the Huntley hearing, and noted that the statute permitted the People to make an application to file a late notice. The prosecutor then explained that the testimony would concern a photo array, and that the two store employees were available to testify. The court said it would conduct the Huntley hearing and then adjourn for a Wade hearing. At the close of the Huntley hearing, the court scheduled the Wade hearing for the following afternoon. Defense counsel registered an objection to proceeding with the Wade hearing based on the lack of timely notice under CPL 710.30. The court responded that the “objection will be duly noted,” and the Wade hearing went forward the next day.
By decisions dated November 30 and December 1, 1982, the court denied defendant’s suppression motions, finding the statements voluntary and the identification procedures not unduly suggestive. On January 25, 1983, defendant pleaded guilty to second degree forgery and was sentenced as a predicate felon to a two- to four-year term of imprisonment. The Appellate Division affirmed, concluding that the People’s failure to provide *5 adequate notice under CPL 710.30 did not require reversal because the procedure employed in this case satisfied the goal of the statute — “to afford a defendant adequate time in preparing his case.” We affirm, but for a different reason.
A guilty plea generally represents a compromise or bargain struck after negotiation between defendant and the People. As such, it marks the end of a criminal case, not a gateway to further litigation. More than a confession, a guilty plea signals defendant’s “intention not to litigate the question of his guilt, and necessarily involves the surrender of certain constitutional rights, including the right to confrontation, the privilege against self incrimination and the right to trial by jury” (People v Lynn, 28 NY2d 196, 201-202; see also, Tollet v Henderson, 411 US 258). A guilty plea not only constitutes an actual waiver of certain rights associated with a trial, but also effects a forfeiture of the right to renew many arguments made before the plea. Examples include an alleged unconstitutional presumption in a statute (People v Thomas, 53 NY2d 338); a claimed deficiency in a jurisdictionally sufficient accusatory instrument (People v Levin, 57 NY2d 1008; People v Cohen, 52 NY2d 584); and an allegation of selective or vindictive prosecution (People v Rodriguez, 55 NY2d 776) or preindictment prosecutorial misconduct (People v Di Raffaele, 55 NY2d 234).
Not every claim is forfeited by a guilty plea. Some the Legislature has chosen to preserve for appellate review (see, e.g., CPL 710.70 [2]). There is no mechanical rule fixing when a claim is otherwise waived; however, since a plea usually removes the issue of factual guilt from a case, resolution of the question may be guided by determining whether the claim relates to the factual elements of the crime charged, or to some other, fundamental matter. A guilty plea does not forfeit the right to raise a jurisdictional defect, such as an insufficient accusatory instrument (People v Case, 42 NY2d 98). Nor does it preclude certain rights of constitutional dimension, for example, the right to a speedy trial (People v Blakley, 34 NY2d 311; People v White, 32 NY2d 393), the protection against double jeopardy (Menna v New York, 423 US 61), the unconstitutionality of statutory prohibition of certain admitted conduct (People v Lee, 58 NY2d 491), or the competency of a defendant to stand trial (People v Armlin, 37 NY2d 167; People v Francabandera, 33 NY2d 429). Also embraced within this general category is an attack on an accusatory instrument as void because of the prosecutor’s knowledge that the only evidence supporting it is false (People v Pelchat, 62 NY2d 97, 108).
*6 The prosecutor’s failure to provide timely notice of intent to introduce evidence at trial does not affect the court’s jurisdiction, and it does not impinge on rights of constitutional dimension. The question, then, is whether defendant is permitted by statute to raise this issue after a plea of guilty.
According to CPL 710.70 (2), “[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty.” The Appellate Division held that this section includes an order permitting the People to file a late notice of intention under CPL 710.30. We disagree. Under CPL 710.20, the defendant in essence may move to suppress evidence obtained as a result of an unlawful search and seizure, illegal eavesdropping, an “involuntarily made” confession, improper administration of a blood test, or an invalid pretrial identification procedure. CPL 710.30 provides where the prosecutor intends to offer at trial defendant’s statement or identification testimony by a witness who previously identified defendant, the prosecutor must serve notice of intent to use the evidence within 15 days of arraignment or subsequently upon a demonstration of good cause for the delay.
The People’s failure to provide timely notice of intent is not one of the grounds for a suppression motion under CPL 710.20. Nor is the notice requirement a mere ingredient of a motion to suppress statements or identifications under subdivision 3 or 6 of CPL 710.20. By definition, CPL 710.30 operates independently, in advance of the suppression motion. The motion to suppress does not become necessary unless and until the court allows the defaulting prosecutor to provide late notice.
True, the notice requirement of CPL 710.30 is related to two of the constitutional bases for suppression under CPL 710.20 — involuntary statements and improper identifications. But as we recently stated in a similar context, “[i]n cases where a constitutional right survives a plea, we have held that a related statutory right is forfeited by the plea when the statute would confer on the defendant greater rights than the Constitution demands” (People v Sobotker, 61 NY2d 44, 48). An application of this principle is found in the fact that a claim based on the constitutional right to a speedy trial survives the guilty plea, but one based on the related right conferred by CPL 30.30 does not (see, People v Howe, 56 NY2d 622; People v Thill, 52 NY2d 1020, cert denied 454 US 829; People v Friscia, 51 NY2d 845).
People v Petgen (55 NY2d 529) is analogous to the present case. In Petgen, defendant’s motion for permission to file a late *7 motion to suppress under CPL 710.40 (2) was denied, and he thereafter pleaded guilty. This court held that defendant by his plea had forfeited the right to appellate review of the order denying his motion. Noting that the statutory right to appeal after a guilty plea was limited to review of an order denying a suppression motion, we underscored the distinction between a motion to suppress and an application for leave to file a late suppression motion (at p 534): “The granting of [the application to file a late motion] depended on a factual determination that, ‘owing to unawareness of facts constituting the basis thereof or to other factors, the defendant did not have reasonable opportunity to make the motion previously’ (CPL 710.40, subd 2); it did not involve consideration or denial of the merits of the constitutional contentions which defendant might later have asserted on a motion to suppress had permission been granted him to make such a motion.”
Here, too, the decision as to whether to preclude the People from introducing statements or identifications because of a late notice of intent involves factual determinations which are unrelated to the merits of defendant’s constitutional contentions.
People v Evans (58 NY2d 14) is not to the contrary. In Evans, defendant’s suppression motion was made on a ground not specifically authorized by CPL 710.20, but the prosecutor made no objection {id., at p 21, n 1), and the argument was therefore not considered forfeited by defendant’s plea. Here, by contrast, the motion to suppress was premised on a violation of defendant’s constitutional rights. Though defendant objected to the late notice, the court impliedly allowed the prosecutor to provide late notice when it noted defense counsel’s objection and continued with the hearings, and late notice was not the basis for the suppression motion. Unlike Evans, the People had no reason to argue that a suppression motion can be based only on the grounds specified in CPL 710.20.
In sum, by now complaining of the People’s late notice of intent, defendant seeks to invoke a statutory right designed to facilitate the introduction into evidence of trustworthy statements and identifications at a trial on the issue of guilt. As such, the right bears directly on defendant’s factual guilt. But by his guilty plea, defendant has removed this issue from the case and, lacking express statutory authorization, he cannot resuscitate it on appeal.
Defendant’s remaining contentions are without merit. Accordingly, the order of the Appellate Division should be affirmed.
*8 Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Alexander concur.
Order affirmed.

 CPL 710.30 reads:
“1. Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.
“2. Such notice must be served within fifteen days after arraignment and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial, pursuant to subdivision one of section 710.40, to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion.
“3. In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible as prescribed in subdivision two of section 710.70.”