[987 NE2d 282, 964 NYS2d 505]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY GRIFFIN, Respondent.

Argued February 13, 2013; decided April 2, 2013

## POINTS OF COUNSEL

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Sheila O'Shea* and *Alan Gadlin* of counsel), for appellant. By pleading guilty, defendant forfeited his claim that the trial judge improperly relieved assigned counsel. In any event, the trial judge acted within her discretion in relieving the Legal Aid Society when it insisted that it should be relieved if it was not granted an adjournment the court found unwarranted. (*People v Hansen*, 95 NY2d 227; *People v Taylor*, 65 NY2d 1; *Blackledge v Perry*, 417 US 21; *People v Petgen*, 55 NY2d 529; *United States v Bohn*, 956 F2d 208; *Smith v Estelle*, 711 F2d 677; *Fields v Attorney Gen. of State of Md.*, 956 F2d 1290; *United States v Moussaoui*, 591 F3d 263; *Strickland v Washington*, 466 US 668; *People v Phillips*, 56 AD3d 1163.)

*Steven Banks, Legal Aid Society*, New York City (*Harold V. Ferguson, Jr.*, of counsel), for respondent. I. This appeal must be dismissed because the Appellate Division's decision was not based on the law alone or upon the law and such facts which,

but for the determination of law, would not have led to reversal. (*People v Caban*, 14 NY3d 369; *People v Baumann & Sons Buses, Inc.*, 6 NY3d 404; *People v Gonzalez*, 68 NY2d 995; *People v Hinton*, 81 NY2d 867; *People v Schepis*, 86 NY2d 856; *People v Johnson*, 47 NY2d 124; *People v Washington*, 71 NY2d 916; *People v Butler*, 58 NY2d 1056; *People v Dercole*, 52 NY2d 956; *People v Tineo*, 64 NY2d 531.) II. The Appellate Division correctly determined that Justice Scherer violated respondent's constitutional right to counsel of choice when she unjustifiably relieved the Legal Aid Society as respondent's assigned counsel. (*People v Stith*, 69 NY2d 313; *People v Sawyer*, 57 NY2d 12; *People v Knowles*, 88 NY2d 763; *People v Childs*, 247 AD2d 319; *People v Arroyave*, 49 NY2d 264; *People v Espinal*, 10 AD3d 326; *People v Hansen*, 95 NY2d 227; *United States v Smith*, 618 F3d 657; *United States v Sanchez Guerrero*, 546 F3d 328.) III. The Appellate Division erred when it summarily rejected respondent's issue concerning the summary denial of his pro se motion to withdraw his guilty plea. (*People v Serrano*, 15 NY2d 304; *People v Tinsley*, 35 NY2d 926; *People v Frederick*, 45 NY2d 520; *People v Brown*, 14 NY3d 113; *People v Harris*, 61 NY2d 9; *People v Moissett*, 76 NY2d 909; *People v Nixon*, 21 NY2d 338; *People v Hill*, 204 AD2d 1015; *People v Leslie*, 98 AD2d 977; *People v Alicea*, 61 NY2d 23.)

**OPINION OF THE COURT**

Rivera, J.

The People appeal an order of the Appellate Division concluding that the trial court improperly discharged defendant's counsel. The People argue that defendant's claim is forfeited by his guilty plea, and that the trial court properly invoked its discretion when it removed the Legal Aid Society. We reject the People's arguments, and affirm.

The five-month period after defendant's February 2006 arraignment on charges of attempted robbery (Penal Law §§ 110.00, 160.15 [4]) and robbery (Penal Law § 160.15 [4]) was marked by multiple adjournments, over the course of 15 appearances attended by a total of 10 different assistant district attorneys (ADAs), and defendant's assigned counsel, the Legal Aid Society. The case was adjourned for numerous reasons ranging from defendant's request to file pretrial motions, to the People's application for additional time to interview witnesses who were material to the prosecution's direct case. Supreme Court also accommodated the People's requests for adjournments related to the reassignment of a new ADA, and the

reassigned ADA's lack of preparation six weeks after reassignment because he admittedly "ha[d] not had an opportunity yet to meet with all the witnesses on the pattern robberies since the case was reassigned to him."

On July 10, 2006, one of several dates when the matter was set for hearing and trial, the ADA stated that the People were not ready and requested yet another adjournment until July 25. Following discussion regarding why the People were not ready, the court set July 25 as the new date for trial. Defendant's counsel then informed the court that he was leaving the Legal Aid Society, that he had conferred with the ADA, and that he was requesting a control date in the same week requested by the People so that a new Legal Aid attorney could be reassigned and prepare for trial. Supreme Court declined the request for a control date, and insisted that an attorney be immediately reassigned to meet with defendant and prepare for trial on July 25.

A supervisor from the Legal Aid Society, then present, asked to address the court, and argued in support of the request for an adjournment date that would allow for a new Legal Aid attorney to prepare for trial. He informed the court "[w]e're not going to be ready for trial on the next court date, and if you think that the Legal Aid Society should be relieved, you should do that." The supervisor sought to justify the request for adjournment based on the complex nature of the case, defendant's status as a mandatory persistent felon, the time spent on ongoing plea negotiations involving the supervisor, the assigned Legal Aid attorney, and the ADA, and the relatively recent resignation by the assigned attorney. The court again rejected the request for an adjournment, and relieved the Legal Aid Society over the supervisor's objections. Neither the ADA nor defendant spoke during this exchange.

After the assignment of 18-B counsel, and several more appearances and adjournments, the case was reassigned to a new judge in October 2006. On October 5, defendant pleaded guilty to robbery in the first degree and attempted robbery in the first degree, for a promised sentence of concurrent terms of 20 years to life. Defendant filed two pro se motions on October 13 seeking to withdraw his plea and have new counsel assigned. On October 19, the court denied defendant's motions and sentenced him to two concurrent terms of 20 years to life.

In a 3-2 decision, the Appellate Division reversed the conviction and remanded for further proceedings, concluding that

Supreme Court's "discharge of defendant's counsel without consulting defendant was an abuse of discretion and interfered with defendant's right to counsel" (92 AD3d 1, 3 [1st Dept 2011]). According to the majority, the court treated the parties differently, disparaging the Legal Aid Society while accommodating the People's numerous requests for adjournments. The dissent argued that in light of a trial court's broad discretion in handling its calendar, absent a showing of actual prejudice, the court did not improperly relieve Legal Aid, or otherwise interfere with an established attorney-client relationship. A Justice of the Appellate Division granted the People leave to appeal to this Court.

■ The People assert that defendant forfeited his Sixth Amendment claim by pleading guilty. The Appellate Division rejected this argument, as do we.[1] "Not every claim is forfeited by a guilty plea" (*People v Taylor*, 65 NY2d 1, 5 [1985]). Claims related to the integrity of the criminal justice system, and "rights of a constitutional dimension that go to the very heart of the process," survive a guilty plea (*People v Hansen*, 95 NY2d 227, 230-231 [2000]; *see also Taylor*, 65 NY2d at 5 [a guilty plea does not "preclude certain rights of constitutional dimension"]). "The critical distinction is between defects implicating the integrity of the process, which may survive a guilty plea, and less fundamental flaws, such as evidentiary or technical matters, which do not" (*id.* at 231).

Here, the right to counsel is so deeply intertwined with the integrity of the process in Supreme Court that defendant's guilty plea is no bar to appellate review. A claim that removal of counsel was part of the court's disparate, unjustifiable treatment of defense counsel goes to the fundamental fairness of our system of justice. While the right to counsel of choice is qualified, and may cede, under certain circumstances, to concerns of the efficient administration of the criminal justice system, we have made clear that courts cannot arbitrarily interfere with the attorney-client relationship, and interference with that relationship for purpose of case management is not without limits, and is subject to scrutiny. In *People v Knowles* (88 NY2d 763

---

1. The Appellate Division opinion lacks any specific discussion of forfeiture, but concluded that defendant's guilty plea did not result in a waiver of his claim, citing our decision in *People v Hansen* (95 NY2d at 230-231), a case decided on forfeiture grounds. While we explained in *Hansen* the distinction between waiver and forfeiture, we treat the Appellate Division's reliance on *Hansen* as a rejection of the People's forfeiture argument.

[1996]), which addressed a trial court's arbitrary refusal to allow cocounsel to sit at the defense table or cross-examine witnesses, we held that "in exercising its discretion to manage the courtroom, the court's interference with the defendant's established relationship with counsel must be justified by overriding concerns of fairness or efficiency—regardless of whether counsel is assigned or retained" (*id.* at 769).

The People's reliance on our decision in *People v Petgen* (55 NY2d 529 [1982]) is misplaced. In *Petgen,* we found that, as a result of his guilty plea, defendant forfeited his claim that counsel was ineffective where new counsel represented the defendant at the plea, and was aware of the prior attorney's asserted ineffectiveness. An ineffective assistance of counsel claim is not the legal equivalent to a claim based on deprivation of counsel of choice—even though both fall under the umbrella of the Sixth Amendment. Indeed, a counsel of choice violation cannot be cured by new counsel.

Furthermore, *Petgen* cannot support the People's argument that the plea forfeits a claim concerning the alleged taint of the process caused by the removal of counsel. In contrast to *Petgen,* where we concluded there was no suggestion that the ineffective assistance of counsel claim infected the plea (*id.* at 534-535), defendant's claim that the court interfered with his representation by the Legal Aid Society implicates the plea and the plea bargaining process, a robust process in which Legal Aid was actively engaged immediately prior to removal.

The choice of counsel's significant role in the plea and eventual disposition process has been recognized by the United States Supreme Court in *United States v Gonzalez-Lopez* (548 US 140 [2006]). The Court stated that

> "the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial. *In light of these myriad aspects of representation, the erroneous denial of counsel bears directly on the 'framework within which the trial proceeds'—or indeed on whether it proceeds at all"* (548 US at 150 [citation omitted and emphasis added]).

The Fifth and Seventh Federal Circuit Courts have both relied on *Gonzalez-Lopez* in finding that a deprivation of counsel claim survives a guilty plea (*see United States v Sanchez Guerrero,*

546 F3d 328, 331-332 [5th Cir 2008]; *United States v Smith*, 618 F3d 657, 663 [7th Cir 2010]).[2]

In holding that the claim is not forfeited, we do not decide that the removal of counsel in this case necessarily violated a constitutional right. However, the claim defendant makes here and the constitutional right to counsel are close enough to immunize the claim from forfeiture by a guilty plea.

We now turn to the People's argument that the Appellate Division erroneously concluded that the trial court abused its discretion in violation of the defendant's right to counsel. We also reject this argument.

■ The Appellate Division determined that the Legal Aid Society's request for an adjournment could have and should have been granted. Such adjournments are strictly within the trial court's discretionary power (*People v Spears*, 64 NY2d 698, 699-700 [1984]; *People v Singleton*, 41 NY2d 402, 405 [1977]). Nevertheless, the Appellate Division characterized Supreme Court's denial as an "improvident exercise of discretion" (92 AD3d at 6), thus substituting its own discretion for that of the trial court (*see Spears*, 64 NY2d at 700).[3] We cannot say, on this record, that the Appellate Division abused its discretion, or otherwise committed an error of law (*People v Mahboubian*, 74 NY2d 174, 183 [1989]).

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge Lippman and Judges Graffeo, Read, Smith and Pigott concur.

Order affirmed.

---

**2.** The People seek to distinguish *Gonzalez-Lopez* and the federal circuit court decisions on the ground that those cases involved retained counsel, rather than assigned counsel, like the Legal Aid Society in this case. As discussed in this opinion, the right to counsel claim is inextricably intertwined with claims of different treatment in a way that we believe meaningfully places it outside the sphere of claims forfeited by a guilty plea, and implicates the entire criminal justice system. That claim survives the guilty plea in this case, regardless of defendant's ability to afford counsel, and regardless of whether counsel is assigned (*see Knowles*, 88 NY2d 763).

**3.** The Appellate Division could not have reversed, but for its determination of forfeiture, an issue of law, and thus the Court has jurisdiction of this appeal (CPL 450.90 [2] [a]).