Chief Judge Lippman
(dissenting). There is no dispute that the Sixth Amendment right to counsel entails the right of a criminal defendant to be represented by the attorney he or she has retained (see United States v Gonzalez-Lopez, 548 US 140, 144 [2006]). Nor, after Gonzalez-Lopez, is it debatable that the wrongful refusal of a court to honor a defendant’s prerogative to retain his or her lawyer is per se reversible, error of this description having been deemed structural for its potential to subvert the very framework of a criminal proceeding in ways resistant to harmless error analysis (id. at 150). But here, on facts establishing that defendant was, without compelling justification, forced to proceed to trial with an attorney other than the one he had retained, the majority denies relief.
Mr. Martineau was defendant’s attorney of record and Mr. Bruno, who stood in for him at defendant’s trial, was never substituted for Martineau, or even retained as cocounsel by defendant. All concerned, most notably the trial court, which had itself set in motion the sequence leading to Mr. Bruno’s assumption of the role of trial counsel,[1] knew that Mr. Bruno was not *140 appearing at defendant’s behest but at the request of Mr. Martineau to accommodate the trial court’s concern with meeting “Standards and Goals.”
Even if defendant’s October 5th adjournment request had been ambiguous as to whether it involved an assertion of his right to retain his own lawyer, his subsequent request for a trial postponement, made just one week later, immediately before the commencement of the trial, could have left no doubt that defendant was invoking his right to be represented by an attorney of his choosing. At that time, Bruno, at defendant’s insistence, requested a stay, urging that one was mandatory pursuant to CPLR 321 (c), which, in substance, requires a 30-day stay of proceedings against a party whose attorney becomes disabled to permit that party to retain other counsel. After reading verbatim the relevant portion of the statute, [2] Bruno reiterated that Mr. Martineau, whom all concerned understood to be disabled, “is retained counsel by Mr. O’Daniel.”
Defendant makes a plausible argument that CPLR 321 is applicable in criminal proceedings[3] and that the trial court was therefore obliged, in light of Mr. Martineau’s disability, to stay the proceedings so that he could retain new counsel. But even if CPLR 321 is not applicable in criminal matters, the salient point is that defendant’s reliance upon it should have placed the court on unequivocal notice that defendant was asking for an opportunity to decide for himself who would represent him at trial. To the extent that he was reasonably able to do so through a reluctant interlocutor not of his choosing whom he may very *141 well have elected not to retain,[4] defendant had asserted his fundamental right to select his own lawyer, and the court was bound to honor that right unless there was some compelling reason not to (see People v Griffin, 20 NY3d 626, 630 [2013]; People v Knowles, 88 NY2d 763, 769 [1996]).
The closest the court came to identifying such a reason was when it noted that the case had been pending a long time and that fairness required a trial without further delay. But the lengthy pendency of the prosecution was attributable to adjournments requested by both sides and there was, in the context of a postponement request by defendant, no apparent urgency to try the matter, which was based on relatively recent allegations of misconduct said to have taken place years before. We have, of course, observed that a defendant’s right to choose his attorney “is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings” (People v Arroyave, 49 NY2d 264, 271 [1980]), but here it is clear that defendant’s request for a stay expressly to enable the exercise of his right to choose his lawyer, was not a dilatory tactic. The serious deterioration in attorney Martineau’s condition barely two weeks prior to the October 12, 2010 trial date was not a circumstance over which defendant had any control and there is no record support for the suggestion that, in requesting an additional postponement of the trial just days after learning that Mr. Martineau would be unable to appear for him if the trial commenced on October 12th, defendant was engaging in an eleventh hour manipulation to prolong his period of release on bail. The court was not obliged to put off the trial indefinitely, but it was required, given the fundamental, indeed structural right implicated, at least to inquire whether Mr. Martineau could be expected to recover and try the case within a reasonable time[5] and, if that did not seem likely, to afford defendant a reasonable opportunity himself to retain substitute counsel. I do not believe that forcing defendant forthwith to trial with a lawyer he had not retained was a constitutionally permissible alternative.
*142 Judges Gkaffeo, Read, Smith, Rivera and Abdus-Salaam concur; Chief Judge Lippman dissents in an opinion.
Order affirmed.

. Mr. Bruno’s introduction to the matter was in response to the trial judge’s suggestion to attorney Martineau that, in view of his still tenuous health as of September 2010, he “seek out a second chair.” The suggestion, *140 the court explained, was made “purely [as] a matter of fairness and Standards and Goals.”

. The relied upon statute stipulates that
“If an attorney dies, becomes physically or mentally incapcitated, or is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs” (CPLR 321 [c]).

. Defendant points out that article I, section 6 of the State Constitution provides that “In any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel as in civil actions” (emphasis added). The argument is thus made that if a stay is required in civil actions to allow representation by counsel — which is to say by chosen counsel — when a defendant’s attorney becomes disabled, the same rule must be applicable in criminal proceedings.

. Defendant it appears had previously been represented by Mr. Bruno in a Family Court matter. It is thus likely that his decision to hire Mr. Martineau in this very serious criminal matter reflected a considered preference for his representational skill set over that of Mr. Bruno.

. It appears that Martineau recuperated sufficiently to resume his professional responsibilities by December 2010, and, in fact was present at defendant’s sentencing in March 2011 at which time he thanked Bruno for standing in for him “on very short notice.”