■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY SANDERS, Appellant. [13 NYS3d 429]—

Judgments, Supreme Court, New York County (Gregory Carro, J., at withdrawn pleas; Daniel P. FitzGerald, J., at subsequent pleas and sentencing), rendered August 31, 2012, convicting defendant of two counts of attempted robbery in the second degree, four counts of robbery in the third degree, and two counts of grand larceny in the fourth degree, and sentenc-

ing him, as a second felony offender, to an aggregate term of five years, unanimously affirmed.

In October 2011, defendant pleaded guilty to grand larceny in the fourth degree in exchange for a sentence of 1½ to 3 years' imprisonment. In November 2011, he pleaded guilty to five additional counts of grand larceny in the fourth degree under a Superior Court Information in exchange for a sentence of 1½ to 3 years' imprisonment on each count, to run concurrently with each other and with the sentence he would receive under indictment no. 3679-11.

At a December 2011 court appearance following the plea, defense counsel informed the court that defendant had given her a pro se motion to withdraw his guilty pleas. In the motion, defendant stated that he was innocent and that defense counsel had coerced him into pleading guilty. The court warned defendant to "be careful of what [he] ask[ed] for," and defendant stated, "I know exactly what I asked for." Defense counsel did not address defendant's claim that she coerced him, and did not say anything after informing the court of the nature of the motion. The court vacated the pleas and informed defendant that he would be assigned new counsel.

In January 2012, defendant's second attorney appeared and moved to dismiss the SCI "[f]or the same reasons[ ] the defendant moved to vacate the plea[s]." Although that motion was granted, in February 2012 defendant was charged in a 12-count indictment with second-degree robbery, third-degree robbery, and fourth-degree grand larceny for incidents that were the subject of the SCI. In August 2012, while represented by a third attorney, defendant pleaded guilty to two counts of attempted second-degree robbery, four counts of third-degree robbery, and two counts of fourth-degree grand larceny, all in exchange for an aggregate five-year prison term plus five years of postrelease supervision.

On appeal, defendant challenges the court's failure to assign effective, conflict-free counsel to advise him during his plea withdrawal hearing. He argues that he was prejudiced because he lost the opportunity for the favorable plea and ultimately had to accept a less favorable disposition. Defendant asks this Court to vacate his conviction and remand the case to the trial court, where he argues he should have the opportunity to plead to the original terms of the plea bargain notwithstanding that he was indicted for additional charges.

As a result of his ultimate guilty plea, which he entered into while represented by new, conflict-free counsel, defendant forfeited his claim that he was denied effective assistance of

counsel during his plea withdrawal hearing (*see People v Petgen*, 55 NY2d 529, 534-535 [1982]). Following the plea withdrawal, defendant had two more attorneys and does not argue that either of them complained about the issue he now raises on appeal. Defendant's reliance on *People v Griffin* (20 NY3d 626 [2013]) is misplaced. In *Griffin*, the Court distinguished *Petgen*, explaining that "[a]n ineffective assistance of counsel claim is not the legal equivalent to a claim based on deprivation of counsel of choice" (20 NY3d at 631). Defendant was not without counsel at the time his plea withdrawal motion was granted,* and moreover, by granting the motion, the court gave defendant, who contended that he was innocent, the specific relief he requested. Concur—Tom, J.P., Friedman, DeGrasse, Richter and Kapnick, JJ.

---

* Because counsel did not take a position adverse to defendant when the motion was made, there was not an actual conflict (*see People v Washington*, 25 NY3d 1091 [2015]).