People v Parker (2020 NY Slip Op 07747)





People v Parker


2020 NY Slip Op 07747


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


658.3 KA 16-01781

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHARIF D. PARKER, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (DAVID O. IRVING OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered May 6, 2016. The judgment convicted defendant upon his plea of guilty of attempted strangulation in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted strangulation in the second degree (Penal Law §§ 110.00, 121.12). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (§ 215.51 [b] [ii]). In appeal No. 3, defendant appeals from a judgment convicting him upon his plea of guilty of falsifying business records in the first degree (§ 175.10).
At the outset, we agree with defendant in all three appeals that his purported waivers of the right to appeal are "not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant 'understood the nature of the appellate rights being waived' " (People v Youngs, 183 AD3d 1228, 1228 [4th Dept 2020], lv denied 35 NY3d 1050 [2020], quoting People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US — [2020]). During the oral colloquies, County Court "mischaracterized the waiver of the right to appeal, portraying it in effect as an absolute bar to the taking of an appeal" (id. at 1229 [internal quotation marks omitted]; see Thomas, 34 NY3d at 565). Although ambiguities in a court's explanation may be cured by adequate clarifying language, which may be provided either in a written waiver or in the oral colloquy (see Thomas, 34 NY3d at 563 and n 5), we conclude for the reasons that follow that such language is absent from the record in the appeals before us (see id. at 564-566).
The written waivers do not establish valid waivers because they were not executed until sentencing (see People v Fox, 173 AD3d 1680, 1681 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]; People v Teta, 165 AD3d 1635, 1635 [4th Dept 2018]) and, even assuming, arguendo, that the written waivers had been executed at the time of the pleas, the court "failed to confirm that [defendant] understood the contents of the written waivers" (Thomas, 34 NY3d at 566; see People v Bradshaw, 18 NY3d 257, 262 [2011]). In addition, the court did not specifically obtain any "assurances that [defendant] had ample opportunity to discuss with [defense] counsel the meaning of the waiver[s] and appellate rights he was surrendering" (Thomas, 34 NY3d at 564). Given the "muddled nature of the court's advisements," the absence of valid written waivers, and the lack of record support that defendant was counseled to understand that some appellate review survived, we conclude on this record that the mere inclusion in the court's colloquies of generic, fleeting statements of unnamed rights surviving the waiver is not adequate, under the totality of the circumstances, to allow us "to discern whether . . . defendant[] understood the import of the court's confused message about the important rights being waived" (id. at 566). Here, "[g]reater precision in the court['s] oral colloquies"—such as that found in the Model Colloquy for the waiver of the right to appeal, which "neatly synthesizes . . . the governing principles and provides [*2]a solid reference for a better practice"—was required to ensure that defendant's waivers were knowing, voluntary, and intelligent (id. at 567; see NY Model Colloquies, Waiver of Right to Appeal).
Nevertheless, we affirm in each appeal. Defendant contends in appeal No. 1 that the court abused its discretion in refusing to entertain, in the interest of justice and for good cause shown (see CPL 255.20 [3]), that part of his untimely omnibus motion seeking a Huntley hearing. We conclude, however, that defendant, by pleading guilty, forfeited appellate review of that contention. Initially, CPL 710.70 (2), which permits appellate review of "[a]n order finally denying a motion to suppress evidence . . . notwithstanding the fact that [the] judgment is entered upon a plea of guilty," is inapplicable. Here, the court's decision whether to entertain that part of the untimely omnibus motion seeking a Huntley hearing depended on a factual determination whether doing so would be "in the interest of justice" and upon "good cause shown" (CPL 255.20 [3]); "it did not involve consideration or denial of the merits of the constitutional contentions which defendant might later have asserted on [the] motion to suppress had [the hearing] been granted" (People v Petgen, 55 NY2d 529, 534 [1982], rearg denied 57 NY2d 674 [1982]). Inasmuch as the court's ruling "did not constitute a disposition on the merits of the motion to suppress," it "did not come within the preservative shelter of [CPL 710.70 (2)]" (Petgen, 55 NY2d at 534 n 2). More generally, the court's ruling "is not within that limited group of questions which survive a plea and may subsequently be raised on appeal" (People v Di Donato, 87 NY2d 992, 993 [1996]). Rather, the court's determination "was a discretionary ruling, addressing procedural timeliness, and defendant's ability to challenge it was forfeited by his plea" (id., citing Petgen, 55 NY2d at 534; see CPL 255.20 [3]).
To the extent that defendant further contends in all three appeals that his first attorney's failure to file a timely omnibus motion constituted ineffective assistance of counsel, we conclude under these circumstances that defendant's contention likewise does not survive his guilty pleas. Here, "[t]here is no suggestion that, aside from the asserted default of the first attorney in failing to make a [timely] motion, the acceptance of the plea[s] was infected by any ineffective assistance of counsel" (Petgen, 55 NY2d at 534-535). "Defendant's replacement counsel, confronted with the fact that his application for [the court to entertain that part of the untimely omnibus motion seeking a Huntley hearing] had been denied, was fully aware of all the asserted derelictions of the first attorney and, by reason of his own unquestioned competence and experience as attorney for the defense, was fully qualified to make a seasoned assessment of defendant's claims in the circumstances and of the likelihood of their judicial acceptance" (id. at 535). Thus, it cannot be said here "that any ineffective assistance of counsel vitiated defendant's plea[s] of guilty premised as [they were] on advice of counsel (as to which there is now no suggestion of incompetency) comprehending, inter alia, the very claim[] of ineffective assistance of counsel that defendant now urges on us" (id.).
Finally, contrary to defendant's contention in all three appeals, the sentences are not unduly harsh or severe.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court