People v Paruolo
2026 NY Slip Op 03828
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Anthony Paruolo, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-02186, (Ind. No. 72067/22)
Francesca E. Connolly, J.P.
Cheryl E. Chambers
Lourdes M. Ventura
Lisa S. Ottley, JJ.

Jillian S. Harrington, Staten Island, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Kevin C. King and Michael J. Balch of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Robert A. Schwartz, J.), rendered January 30, 2025, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since the defendant did not move to withdraw his plea or otherwise raise the issue in the County Court (see People v Lopez, 71 NY2d 662, 665; People v Escobargarcia, 237 AD3d 1221, 1222). Moreover, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt as to the crime to which he pleaded, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Bermudez-Cedillos, 228 AD3d 681, 682). In any event, the record demonstrates that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Sougou, 26 NY3d 1052, 1055; People v Escobargarcia, 237 AD3d at 1222).
Further, by pleading guilty, the defendant forfeited any claims of ineffective assistance of counsel that did not directly involve the plea negotiation process (see People v Petgen, 55 NY2d 529, 534-535; People v Ponce, 232 AD3d 741, 742). To the extent that the defendant's ineffective assistance of counsel claim was not forfeited by his plea of guilty, that contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Ponce, 232 AD3d at 742).
CONNOLLY, J.P., CHAMBERS, VENTURA and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court