■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GIBBS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin,

J.), rendered April 4, 1985, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant entered a plea of guilty to robbery in the first degree on March 7, 1985, in full satisfaction of a seven-count indictment. The defendant admitted that he, together with an accomplice, robbed at knifepoint and slashed a cabdriver in Yonkers.

At the plea proceeding, the court promised to sentence the defendant, a second violent felony offender, to 6½ to 13 years' imprisonment if he testified at the forthcoming trial of his accomplice in a manner that was truthful and in accordance with his plea statements. Otherwise, the court informed the defendant, he could be sentenced to 12½ to 25 years' imprisonment.

It was not seriously disputed that the defendant's testimony at the trial of the accomplice was entirely contrary to the defendant's sworn statements made at the plea colloquy. At trial, the charges against the accomplice were dismissed. As a result, the court sentenced the defendant to the more severe, anticipated alternative of 12½ to 25 years' imprisonment.

On appeal, for the first time, the defendant contends that the court erred at the time of the plea agreement by failing to inform him that he would not be allowed to withdraw his plea if he failed to testify at the accomplice's trial in accordance with his testimony at the plea proceeding. The record establishes, however, that the defendant knowingly, voluntarily, and intelligently pleaded guilty with the assistance of competent counsel. There is no indication that the guilty plea was improvident or baseless and, accordingly, it was properly accepted by the court *(People v Erazo,* 155 AD2d 477; *see, People v Asencio,* 143 AD2d 917; *People v Caban,* 131 AD2d 863).

Similarly without merit is the defendant's contention that the court improperly imposed a more severe sentence than that promised when the guilty plea was entered. The court clearly and unequivocally conditioned the promised sentence upon the defendant's testifying at the trial of his accomplice in a manner consistent with his sworn testimony at the plea proceeding. The defendant's explanation for his contradictory testimony at the trial was vague and insufficient *(see, People v Erazo, supra).*

The clarity of the court's explanation of the consequences if the defendant should breach the condition is distinguishable

from the imprecise language of the sentencing court in *Innes v Dalsheim* (864 F2d 974, *cert denied* — US —, 110 S Ct 50, *on remand* 703 F Supp 245) on which the defendant relies. In *Innes,* the defendant could not be certain whether he would face trial or resentence in the event he breached the condition, whereas in the case at bar, the court made no reference to the possibility of a trial, stating only that a breach would lead to a more severe sentence. It simply required that the defendant testify at trial in accordance with sworn statements he gave when he pleaded guilty. Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.