■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DAVIS, Appellant. [657 NYS2d 980] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Coffinas, J.), rendered November 29, 1994, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The transcript of the defendant's plea allocution indicates that he was adequately informed that he would be subjected to an enhanced sentence in the event that he failed to comply with the conditions of the plea. Accordingly, we find no basis to disturb the defendant's conviction (*see, People v Ruffin,* 208 AD2d 657). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER GARCIA, Also Known as GEORGE HANCOCK, Appellant. [657 NYS2d 957] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered January 23, 1996, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in accepting his plea of guilty because his recitation of the factual basis of the crime to which he pleaded guilty was insufficient. We disagree (*see, People v Lopez,* 71 NY2d 662). The defendant admitted that he and others possessed a loaded, operable nine-millimeter pistol in a friend's automobile (*see,* Penal Law § 265.02 [4]). The defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137). Finally, he received the sentence he bargained for (*see, People v Kazepis,* 101 AD2d 816). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.