■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GONZALEZ, Appellant. [751 NYS2d 734] —Judgments, Supreme Court, New York County (Felice Shea, J.), rendered June 11, 1999, convicting defendant, upon his plea of guilty, of two counts of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, unanimously affirmed.

Since defendant's motion to withdraw his plea was made on completely different grounds from those raised on appeal, his present claim that the court was ambiguous in its warning of the consequences of a new arrest prior to sentencing is unpreserved (*People v Mackey*, 77 NY2d 846; *People v James*, 239

AD2d 243, *lv denied* 90 NY2d 906), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the plea was voluntarily, knowingly and intelligently entered and that the court properly imposed an enhanced sentence of 3½ to 7 years, instead of the promised sentence of 3 to 6 years, because defendant undisputedly violated a plea condition. In the plea colloquy, the court set forth certain conditions and adequately warned defendant that it would impose a higher sentence in the event that defendant breached any of them (*see People v Velez*, 212 AD2d 647). This was separate and distinct from the court's earlier discussion of a completely different situation that would arise if the court decided, on the basis of an unfavorable probation report, that the promised sentence was too lenient, in which case defendant would be permitted to withdraw his plea.

We perceive no basis for reducing the sentence. Concur— Williams, P.J., Andrias, Buckley, Lerner and Gonzalez, JJ.