■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALI AKHTAR, Appellant. [786 NYS2d 549]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Minardo, J., at plea; Greenberg, J., at sentence), rendered September 5, 2002, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

During the plea proceedings in this case, the Supreme Court defined the three conditions that were attached to the plea agreement, including that the defendant was "to report on the day of sentence at 9:30 in the morning." The Supreme Court added that should the defendant violate any of the three conditions, including that relating to his appearance at the time of sentence, it would not be bound to keep its promise, and could sentence the defendant to the maximum under the provisions of the law. The defendant absconded prior to sentencing, and remained a fugitive for several years before he was returned to the Supreme Court to be sentenced.

"Taken as a whole, the record indicates the clear intent of the court to condition the promised sentence upon the defendant's

appearance on the date scheduled for sentencing" (*People v Warren,* 121 AD2d 418 [1986]; *see People v Gonzalez,* 300 AD2d 150, 151 [2002]; *People v Davis,* 106 AD2d 657 [1984]). In fact, in support of a successful motion to exonerate bail made at the conclusion of the plea proceedings, defense counsel expressly pointed to the "extreme exposure [the defendant would face] if [he didn't] come back to court" as a guarantee that the defendant would in fact appear at sentencing as scheduled. Under these circumstances, there is no basis upon which to infer that the defendant might have misconstrued the meaning of the Supreme Court's warning (*see People v Gonzalez, supra; People v Gibbs,* 161 AD2d 661 [1990]; *cf. Innes v Dalsheim,* 864 F2d 974 [2d Cir 1988], *cert denied* 493 US 809 [1989]). Thus, the Supreme Court had the right to impose the enhanced sentence after the defendant absconded, without permitting him the option of withdrawing his plea (*see People v Figgins,* 87 NY2d 840 [1995]; *People v White,* 3 AD3d 543 [2004]; *People v Gonzalez, supra; People v Gibbs, supra*).

The defendant's remaining contentions are without merit. Prudenti, P.J., H. Miller, Spolzino and Lifson, JJ., concur.