■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RONCONI, Appellant. [925 NYS2d 644]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered November 21, 2008, convicting him of scheme to defraud in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review because he did not move to withdraw the plea (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Nowell,* 46 AD3d

707 [2007]; *People v Martinez*, 33 AD3d 631, 632 [2006]). In any event, the basis of this claim, that the County Court failed to inform him that he would receive an enhanced sentence if he failed to comply with the conditions of the plea agreement, is belied by the plea proceeding, which shows that he acknowledged and understood that he would be subjected to an enhanced sentence if he failed to comply with the conditions of his plea agreement (*see People v Butler*, 49 AD3d 894, 895 [2008]; *People v Guerra*, 291 AD2d 410, 411 [2002]; *People v Davis*, 239 AD2d 356 [1997]). The defendant failed to comply with the condition that he not be rearrested before sentencing. Furthermore, at sentencing, the defendant voluntarily withdrew his challenge to the validity of the charge upon which the post-plea arrest was based after the court offered to hold a hearing, and he admitted that there was a legitimate basis for the post-plea arrest (*see People v Brown*, 70 AD3d 1047, 1048 [2010], *cert denied* 562 US —, 131 S Ct 420 [2010]).

To the extent that the defendant's contentions regarding any alleged ineffective assistance of counsel rest on matter dehors the record, they cannot be reviewed on direct appeal (*see People v Sumahit*, 72 AD3d 991 [2010]; *People v Ali*, 55 AD3d 919 [2008]; *People v Drago*, 50 AD3d 920 [2008]). Insofar as the contentions are reviewable, we find that the defendant received the effective assistance of counsel (*see Hill v Lockhart*, 474 US 52, 59-60 [1985]; *Strickland v Washington*, 466 US 668, 687 [1984]; *People v Benevento*, 91 NY2d 708, 712-713 [1998]).

Since the enhanced sentence that was actually imposed was part of the negotiated plea agreement, the defendant has no basis to now complain that the enhanced sentence was excessive (*see People v Butler*, 49 AD3d at 895; *People v Aloisi*, 177 AD2d 491, 492 [1991]; *People v Kazepis*, 101 AD2d 816, 817 [1984]). In any event, the enhanced sentence was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.