Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered August 17, 2011, convicting him of criminal contempt in the first degree (two *897 counts), assault in the second degree, assault in the third degree, criminal mischief in the fourth degree, unauthorized use of a motor vehicle, harassment in the second degree, and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
At issue here is whether defense counsel was ineffective because he negotiated an unfavorable plea agreement. Pursuant to the agreement, the defendant pleaded guilty to all counts in the indictment, waived his right to appeal, and was promised a sentence of six months of imprisonment plus five years of probation, contingent upon the defendant not being “re-arrested between now and the date set for sentencing.” The People did not agree with the promised sentence. The People recommended a sentence of a determinate term of imprisonment of two years plus a three-year period of postrelease supervision.
Before the defendant could be sentenced, he was re-arrested for a new crime, driving while intoxicated, and pleaded guilty to driving while intoxicated as a misdemeanor. For the instant offenses, the defendant was sentenced, in accordance with the People’s original recommendation, inter alia, to a two-year prison term and a three-year period of postrelease supervision.
A valid waiver of the right to appeal precludes appellate review of a defendant’s contention that he was deprived of effective assistance of counsel, “except to the extent that the alleged ineffective assistance affected the voluntariness of his plea” (People v Watt, 82 AD3d 912, 912 [2011]). The fact that a plea agreement was unfavorable does not mean that the plea was involuntary (see People v Burwell, 56 AD3d 304, 305 [2008]).
Here, the defendant did in fact receive a favorable sentencing promise from the court. The fact that the defendant ultimately received a sentence that included a two-year prison term was the result of his own conduct. Under these circumstances, the defendant was not deprived of the effective assistance of counsel with respect to his plea of guilty.
The defendant’s valid waiver of his right to appeal precludes review of his contention that his enhanced sentence was excessive (see People v Arrington, 94 AD3d 903 [2012]). Angiolillo, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.