THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DUNNE, Appellant. [964 NYS2d 663]—Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered January 31, 2011, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By pleading guilty, the defendant forfeited appellate review of his claim of ineffective assistance of counsel to the extent that the claim does not directly involve the plea negotiation (*see People v Petgen*, 55 NY2d 529, 535 [1982]; *People v Soria*, 99 AD3d 1027 [2012]). In addition, the defendant's valid waiver of his right to appeal precludes appellate review of his claim of ineffective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his

plea (*see People v Lopez*, 6 NY3d 248, 257 [2006]; *People v Smith*, 102 AD3d 896, 897 [2013]). To the extent that the defendant claims that ineffective assistance of counsel affected the voluntariness of his plea, the record reveals that he received an advantageous plea, and nothing in the record casts doubt upon the apparent effectiveness of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Ropiza*, 100 AD3d 935 [2012], *lv denied* 20 NY3d 1103 [2013]).

The defendant's valid waiver of his right to appeal precludes appellate review of his claim that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d at 255-256; *People v Elufe*, 102 AD3d 982 [2013]). Skelos, J.P., Hall, Lott and Hinds-Radix, JJ., concur.