*698 Based on the record before this Court, we reject the defendant’s contention that the Supreme Court did not have jurisdiction over this criminal action (see generally CPL 100.05, 180.10 [1], [2]; 190.50).
The defendant also argues that his plea was not knowingly, voluntarily, and intelligently entered because the Supreme Court failed to adequately advise him that he would not be permitted to withdraw his plea if he violated a condition of the plea agreement. Contrary to the defendant’s contention, the record, taken as a whole, indicates that the defendant was informed that he would be subjected to an enhanced sentence, without the option of withdrawing his plea, in the event that he failed to comply with the conditions of the plea (see People v Akhtar, 13 AD3d 383, 383-384 [2004]; People v Hughes, 260 AD2d 657, 658 [1999]; People v Gibbs, 161 AD2d 661, 662 [1990]). Based on the record, there is no basis upon which the defendant might have misconstrued the meaning of the Supreme Court’s warning (see People v Fecu, 61 AD3d 991 [2009]; People v Akhtar, 13 AD3d at 384; cf. Innes v Dalsheim, 864 F2d 974 [1988]; People v Elliot, 204 AD2d 565 [1994]).
The defendant also challenges his plea on the basis that the court made no mention of postrelease supervision at the time he entered into the plea agreement. Contrary to the People’s contention, under the circumstances of this case, the defendant’s claim is not foreclosed based on the defendant’s failure to make this argument in his post-allocution motion to withdraw his plea of guilty (see People v Louree, 8 NY3d 541 [2007]), or as a result of his failure to object when the court imposed a sentence which included a period of postrelease supervision (see People v McAlpin, 17 NY3d 936, 938 [2011]).
Postrelease supervision is a direct consequence of a conviction (see People v Catu, 4 NY3d 242 [2005]). Thus, when a defendant pleads guilty and the terms of the plea agreement provide that the defendant’s breach of the conditions of the plea will result in an enhanced sentence that may subject the defendant to a period of postrelease supervision, the court must advise the defendant that the sentence he or she will receive upon violating the conditions of the plea may include a period of postrelease supervision (see People v McAlpin, 17 NY3d at 937-938). Since *699 the Supreme Court failed to advise the defendant of the inclusion of postrelease supervision in an enhanced sentence, the defendant’s plea was not knowingly, voluntarily, and intelligently entered, and vacatur of the plea is appropriate (see id. at 938).
In light of the foregoing determination, the defendant’s remaining contentions have been rendered academic. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.