■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT DURYEA, Appellant. [983 NYS2d 99]—

Appeals by the defendant from two judgments of the County Court, Suffolk County (Condon, J.), both rendered February 24, 2011, convicting him of burglary in the third degree (five counts) and unauthorized use of a motor vehicle in the first degree under indictment No. 750-09 and burglary in the third degree (three counts), unauthorized use of a motor vehicle in the first degree, grand larceny in the third degree (two counts), criminal mischief in the third degree, reckless driving, criminal possession of a controlled substance in the seventh degree, and resisting arrest under indictment No. 1083-10, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the County Court's warnings concerning the consequences of his failure to comply with the terms and conditions of his plea agreement were insufficient. In the plea colloquy, the court set forth certain conditions and adequately warned the defendant that it would impose eight consecutive indeterminate terms of imprisonment of 2 1/3 to 7 years in the event that the defendant breached any of the plea conditions. Contrary to the defendant's contention, the record discloses that the defendant was informed on multiple occasions that he would be subject to an enhanced sentence, without the

option of withdrawing his pleas, in the event that he failed to comply with the conditions thereof (*see People v Chander*, 113 AD3d 697 [2014]; *People v Akhtar*, 13 AD3d 383, 383-384 [2004]; *People v Gonzalez*, 300 AD2d 150 [2002]; *People v Guerra*, 291 AD2d 410, 411 [2002]).

The defendant validly waived his right to appeal. At the plea allocution, the County Court sufficiently advised the defendant of the nature of the right to appeal, and the record establishes that the defendant knowingly, voluntarily, and intelligently waived that right (*see People v Lopez*, 6 NY3d 248, 254-255 [2006]; *People v Eccleston*, 113 AD3d 699 [2014]; *cf. People v Bradshaw*, 18 NY3d 257 [2011]). Accordingly, appellate review of his contention that his enhanced sentence is excessive is precluded by the appeal waiver (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Smith*, 102 AD3d 896, 897 [2013]; *People v Bullock*, 54 AD3d 959 [2008]; *People v Ruiz*, 48 AD3d 834 [2008]; *People v Miles*, 268 AD2d 489, 489-490 [2000]). Dillon, J.P., Leventhal, Chambers and LaSalle, JJ., concur.