■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SINGLETARY, Appellant. [987 NYS2d 843]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered September 16, 2011, as amended September 29, 2011, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of three years, with two years' postrelease supervision, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings.

Defendant's plea agreement provided that he would receive a sentence of one year to be followed by one year of postrelease supervision, on the condition that, among other things, he appear for sentencing. The court advised defendant that if he violated the terms of his plea agreement, the sentencing agreement would be vacated and the court could impose a prison sentence of up to nine years. However, the court did not men-

tion that the enhanced sentence would also include PRS. When defendant failed to appear for sentencing and was returned to court involuntarily, the court imposed a sentence that included two years' PRS.

The court was required to advise defendant that his enhanced sentence would include PRS, and was also required to specify the length of the term of PRS to be imposed (*see People v McAlpin*, 17 NY3d 936 [2011]). The prosecutor's mention of PRS immediately before sentencing was not the type of notice under *People v Murray* (15 NY3d 725 [2010]) that would require defendant to preserve the issue (*see People v Shanks*, 115 AD3d 538 [1st Dept 2014]; *People v Rivera*, 91 AD3d 498 [1st Dept 2012], *lv withdrawn* 18 NY3d 961 [2012]). Accordingly, defendant is entitled to vacatur of the plea. Concur—Sweeny, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.