■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS E. SANCHEZ, Appellant. [995 NYS2d 609]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered June 29, 2012, as amended December 6, 2012, convicting him of manslaughter in the second degree, vehicular assault in the second degree, driving while ability impaired by drugs, reckless driving, and speeding, upon his plea of guilty, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant's waiver of his right to appeal was knowingly, voluntarily, and intelligently made. "[W]here [as here] the plea allocution demonstrates a knowing, voluntary and intelligent waiver of the right to appeal, intended comprehensively to cover all aspects of the case, and no constitutional or statutory mandate or public policy concern prohibits its acceptance, the waiver will be upheld completely" (*People v Muniz*, 91 NY2d 570, 575 [1998]; *see People v Kemp*, 94 NY2d 831, 833 [1999]). "The defendant's valid waiver of his right to appeal forecloses

appellate review of his challenge to the hearing court's suppression determination" (*People v Kidd*, 100 AD3d 779, 779 [2012]; *see People v Sanders*, 112 AD3d 748, 750 [2013], *lv granted* 22 NY3d 1160 [2014]). Moreover, where, as here, the defendant failed to comply with the conditions attached to the plea agreement, "appellate review of his contention that his enhanced sentence is excessive is precluded by the appeal waiver" (*People v Duryea*, 116 AD3d 709, 710 [2014]; *see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Smith*, 102 AD3d 896, 897 [2013]; *People v Bullock*, 54 AD3d 959 [2008]; *People v Ruiz*, 48 AD3d 834 [2008]). Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.