■ The People of the State of New York, Respondent, v Edward J. Corbett, Appellant. [22 NYS3d 899]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered May 27, 2014, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review, since he did not move to withdraw the plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Ronconi*, 85 AD3d 1063 [2011]). In any event, the defendant is not entitled to vacate his plea on the basis that he did not understand the severity of the enhanced sentence to be imposed if he failed to successfully complete the judicial diversion program. The plea proceedings reveal that the defendant acknowledged and understood the maximum sentence that could be imposed, and that he would be subjected to an enhanced sentence, without the option of withdrawing his plea, if he failed to comply with the conditions of the plea or if he did not successfully complete the judicial diversion program (*see People v Duryea*, 116 AD3d 709, 709-710 [2014]; *People v Chander*, 113 AD3d 697, 698 [2014]; *People v Akhtar*, 13 AD3d 383, 383-384 [2004]). Furthermore, since the defendant failed to successfully complete the judicial diversion program and was rearrested in violation of his plea agreement, the County Court properly imposed the enhanced sentence (*see People v Hubbard*, 105 AD3d 760 [2013]; *People v Akhtar*, 13 AD3d at 384; *People v White*, 3 AD3d 543, 544 [2004]).

The enhanced sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.