■ The People of the State of New York, Respondent, v Jose Oviedo, Appellant. [30 NYS3d 842]—Appeal by the defendant from a judgment of the County Court, Westchester County (Everett, J.), rendered June 26, 2014, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders*, 25 NY3d 337, 339-342 [2015]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his enhanced sentence was excessive (*see People v Frazier*, 127 AD3d 1229, 1230 [2015]; *People v Sanchez*, 122 AD3d 778, 779 [2014]; *People v Duryea*, 116 AD3d 709, 710 [2014]; *People v Smith*, 102 AD3d 896, 897 [2013]; *People v Arrington*, 94 AD3d 903 [2012]; *People v Gonzalez*, 93 AD3d 679 [2012]). Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.

■ The People of the State of New York, Respondent, v Christopher Provencal, Appellant. [30 NYS3d 853]—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Dutchess County (Greller, J.), imposed July 16, 2014, as amended December 1, 2014, upon his conviction of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence, as amended, is affirmed.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.