People v Parker (2019 NY Slip Op 07613)





People v Parker


2019 NY Slip Op 07613


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2018-06820
 (Ind. No. 17-00218)

[*1]The People of the State of New York, respondent,
v
Aaliyah A. Parker, appellant.


Samuel S. Coe, New City, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas DeRosa, J.), rendered October 20, 2017, convicting her of attempted robbery in the second degree, upon her plea of guilty, and sentencing her to a determinate term of imprisonment of four years and a period of postrelease supervision of five years.
ORDERED that the judgment is modified, on the law, by vacating the period of postrelease supervision; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for the imposition of an appropriate period of postrelease supervision in accordance herewith.
The defendant's challenge to the factual sufficiency of her plea allocution is unpreserved for appellate review (see People v Williams, 27 NY3d 212, 219; People v Toxey, 86 NY2d 725, 726; People v Lopez, 71 NY2d 662, 665). Contrary to the defendant's suggestion, the exception to the preservation requirement does not apply in this case, because the defendant's allocution did not clearly cast significant doubt on her guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Williams, 27 NY3d at 220; People v Lopez, 71 NY2d at 666). In any event, the plea allocution was sufficient. "[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (People v Goldstein, 12 NY3d 295, 301; see People v Seeber, 4 NY3d 780, 781; People v Nixon, 21 NY2d 338, 353). A plea allocution is sufficient if it "shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d at 301; see People v Fooks, 21 NY2d 338, 350 [companion case to People v Nixon, 21 NY3d 338). The record here shows that the defendant understood the charges and made an intelligent decision to accept the plea.
By pleading guilty, the defendant forfeited appellate review of her claims of ineffective assistance of counsel that did not directly involve the plea bargaining process and sentence (see People v Petgen, 55 NY2d 529, 535 n 3; People v Brown, 170 AD3d 878, 879; People v Fakhoury, 103 AD3d 664). To the extent that the defendant contends that the ineffective assistance of counsel involved the negotiation of the plea, the record reveals that she received an [*2]advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel (see People v Benevento, 91 NY2d 708, 712; People v Ford, 86 NY2d 397, 404; People v Dunne, 106 AD3d 928, 929).
Upon her conviction of attempted robbery in the second degree, a class D violent felony offense (see Penal Law §§ 70.02[1][c]; 110.05[5]; 160.10), the defendant was sentenced, inter alia, to a period of postrelease supervision of five years. Under Penal Law § 70.45(2)(e), the period of postrelease supervision applicable to a sentence imposed pursuant to Penal Law § 70.02 upon a conviction of a class D violent felony offense must be between 1½ and 3 years. Therefore, the period of postrelease supervision imposed was illegal. Accordingly, we vacate the period of postrelease supervision imposed and remit the matter to the County Court, Orange County, for the imposition of an appropriate period of postrelease supervision in accordance with Penal Law § 70.45(2)(e).
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court