People v Jamison (2020 NY Slip Op 01955)





People v Jamison


2020 NY Slip Op 01955


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


11279 5075/16

[*1]The People of the State of New York, Respondent,
v
Barshon Jamison, also known as Tremaine Jamison, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia S. Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered July 24, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of six years with two years post release supervision, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings.
At the plea proceeding, the court advised defendant that under the plea agreement, he would plead guilty to third-degree possession, a class B felony, and fifth-degree possession, a class D felony, with the understanding that if he complied with the terms of the plea agreement, he would be allowed to withdraw his plea to the B felony, and be sentenced, solely on the D felony, to 3½ years in prison, followed by two years of postrelease supervision. The court stated that if defendant violated the terms of the plea agreement, he could be sentenced to up to 15 years in prison on the B felony, but it neglected to state that any enhanced sentence would include a period of PRS. Defendant violated the plea agreement by, among other things, failing to appear for sentencing, and the court imposed an enhanced sentence that included two years of post release supervision concurrent on the B and D felonies.
The court was required to advise defendant that his potential sentence in the event he violated the plea conditions would include PRS, and it was also required to specify the length of the term of PRS (see People v McAlpin, 17 NY3d 936 [2011]). The prosecutor's brief reference to PRS immediately before sentencing was not the type of notice under People v Murray (15 NY3d 725 [2010]) that would require defendant to preserve the issue (see People v Singletary, 118 AD3d 610, 611 [1st Dept 2014]).
In light of this determination, we find it unnecessary to reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK