People v Stanley (2021 NY Slip Op 00924)





People v Stanley


2021 NY Slip Op 00924


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


31 KA 18-01735

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRANCE L. STANLEY, DEFENDANT-APPELLANT. 






BETH A. RATCHFORD, CANANDAIGUA, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered April 23, 2007. The judgment convicted defendant upon a plea of guilty of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that his plea should be vacated because Supreme Court failed to advise him of the consequences of violating the plea agreement and, in the alternative, that this Court should exercise its interest of justice jurisdiction to adjudicate him a youthful offender and reduce the sentence. We agree with defendant that his plea should be vacated.
Pursuant to the plea agreement, defendant entered his plea in exchange for a promise of youthful offender adjudication and a sentence of probation. Following the entry of the plea, the court informed defendant that, if he violated the terms of the plea agreement, the court would "not keep the promise [it] made regarding [his] sentence" and that it could "impose a much more significant or higher sentence." The court did not specify what that higher sentence could entail, nor did it mention the possibility of postrelease supervision (PRS).
Prior to sentencing, defendant violated the terms of the plea agreement when he failed to cooperate with the probation department and was arrested on new felony charges. The court held a hearing pursuant to People v Outley (80 NY2d 702 [1993]) and determined that there was a valid basis on which to enhance the sentence. The prosecutor then requested that the court sentence defendant as an adult and impose a sentence of 15 years of incarceration with five years of PRS. The court imposed a determinate sentence of 7½ years of incarceration plus five years of PRS.
The court was required "to advise defendant that his enhanced sentence would include PRS, and was also required to specify the length of the term of PRS to be imposed" (People v Singletary, 118 AD3d 610, 611 [1st Dept 2014], citing People v McAlpin, 17 NY3d 936, 938 [2011]; see People v Chander, 113 AD3d 697, 698-699 [2d Dept 2014]). Although defendant did not object to the imposition of PRS or move to withdraw his plea or to vacate the judgment of conviction, this case falls under an exception to the preservation rule inasmuch as "[t]he prosecutor's mention of PRS immediately before sentencing was not the type of notice under People v Murray (15 NY3d 725 [2010]) that would require defendant to preserve the issue" (Singletary, 118 AD3d at 611; see McAlpin, 17 NY3d at 938; cf. People v Donald, 132 AD3d 1396, 1397 [4th Dept 2015], lv denied 26 NY3d 1144 [2016]; see generally People v Williams, 27 NY3d 212, 214 [2016]). We therefore conclude that defendant's plea was not knowingly, [*2]voluntarily, and intelligently entered and that vacatur of the plea is required (see McAlpin, 17 NY3d at 937-938).
In light of our determination, defendant's remaining contentions are academic.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court