People v Williams (2021 NY Slip Op 05205)





People v Williams


2021 NY Slip Op 05205


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


699 KA 18-00689

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARY A. WILLIAMS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRITTNEY N. CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered January 23, 2017. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). We affirm.
At the outset, although defendant purportedly waived his right to appeal, we conclude that there is no reason for us to address his contention that the waiver is invalid inasmuch as defendant's substantive contention challenging the plea would survive even a valid waiver of the right to appeal (see People v Steinbrecher, 169 AD3d 1462, 1463 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]; People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]; see generally People v Seaberg, 74 NY2d 1, 9 [1989]).
Defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because Supreme Court improperly coerced him into accepting the plea. By not moving to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve that contention (see People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; People v Darling, 125 AD3d 1279, 1279 [4th Dept 2015], lv denied 25 NY3d 1071 [2015]; People v Boyd, 101 AD3d 1683, 1683 [4th Dept 2012]). Contrary to defendant's contention, this case does not implicate the narrow exception to the preservation rule "where the particular circumstances of a case reveal that a defendant had no actual or practical ability to object to an alleged error in the taking of a plea that was clear from the face of the record" (People v Conceicao, 26 NY3d 375, 381 [2015]; see People v Williams, 27 NY3d 212, 221 [2016]; cf. People v Stanley, 191 AD3d 1411, 1412 [4th Dept 2021]).
In any event, defendant's challenge to the plea is without merit. Indeed, defendant's assertion that the court coerced him into pleading guilty is belied by the record because, at the plea colloquy, defendant denied that he had been threatened or otherwise pressured into pleading guilty (see People v Pitcher, 126 AD3d 1471, 1472 [4th Dept 2015], lv denied 25 NY3d 1169 [2015]). The court's statement requiring defendant to accept or reject the plea offer within a short time period "does not amount to coercion" (People v Carr, 147 AD3d 1506, 1507 [4th Dept 2017], lv denied 29 NY3d 1030 [2017] [internal quotation marks omitted]; see People v Green, 140 AD3d 1660, 1661 [4th Dept 2016], lv denied 28 NY3d 930 [2016]). Further, the court did not coerce defendant into pleading guilty merely by informing him of the range of sentences he faced if he proceeded to trial and was convicted (see People v Juarbe, 162 AD3d 1625, 1626 [4th Dept 2018]; Pitcher, 126 AD3d at 1472; People v Boyde, 71 AD3d 1442, 1443 [*2][4th Dept 2010], lv denied 15 NY3d 747 [2010]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court