People v Miller (2023 NY Slip Op 02617)

People v Miller

2023 NY Slip Op 02617

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Renwick, A.P.J., Webber, Oing, Singh, Kennedy, JJ. 

Ind. No. 2319/21 Appeal No. 264 Case No. 2022-00676 

[*1]The People of the State of New York, Respondent,
v
Donte Miller, Defendant-Appellant.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered February 10, 2022, as amended February 28, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of seven years, unanimously affirmed.
Defendant did not preserve his challenge to the voluntariness of his plea, or his claim that the court imposed an enhanced sentence without sufficient inquiry into the validity of a new arrest, and we decline to review either claim in the interest of justice. As an alternative holding, we reject both claims on the merits. The court sufficiently explained the conditions of the plea and the consequences of violating those conditions (see People v Gonzalez, 300 AD2d 150, 151 [1st Dept 2002], lv denied 99 NY2d 614 [2003]). Before imposing sentence, the court reviewed detailed information about defendant's postplea arrest for four robberies, and its inquiry was of "sufficient depth" to satisfy itself "not of defendant's guilt of the new criminal charge but of the existence of a legitimate basis for the arrest on that charge" (People v Outley, 80 NY2d 702, 713 [1993]). In any event, the court also based its enhanced sentence on defendant's violation of plea conditions other than the no-arrest condition.
Defendant's valid waiver of his right to appeal forecloses review of his excessive sentence claim (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US , 140 S Ct 2634 [2020]). In any event, we perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023