People v Valerio-Lacen (2024 NY Slip Op 00579)

People v Valerio-lacen

2024 NY Slip Op 00579

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

1053 KA 22-00340

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAN VALERIO-LACEN, DEFENDANT-APPELLANT. 

STEVEN G. COX, UTICA, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered February 3, 2022. The judgment convicted defendant upon his plea of guilty of criminal sexual act in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the third degree (Penal Law § 130.40 [2]). We affirm.
At the outset, although defendant purportedly waived his right to appeal, we conclude that there is no reason for us to address his contention that the waiver is invalid inasmuch as defendant's substantive contentions challenging the plea would survive even a valid waiver of the right to appeal (see People v Williams, 198 AD3d 1308, 1309 [4th Dept 2021], lv denied 37 NY3d 1149 [2021]; People v Steinbrecher, 169 AD3d 1462, 1463 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]).
Defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because County Court failed to inquire into the People's disclosure concerning the complainant's credibility and because the court coerced defendant into taking the plea. By not moving to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve those contentions for our review (see Williams, 198 AD3d at 1309; Steinbrecher, 169 AD3d at 1463). This case does not implicate the narrow exception to the preservation rule applicable "where the particular circumstances of a case reveal that a defendant had no actual or practical ability to object to an alleged error in the taking of a plea that was clear from the face of the record" (People v Conceicao, 26 NY3d 375, 381 [2015]; cf. People v Stanley, 191 AD3d 1411, 1412 [4th Dept 2021]). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court